**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARLENE RYAN, | : | CIVIL ACTION |
| **Plaintiff** | : | **10-4438** |
| v. | : | |
| | : | |
| UNION MUTUAL FIRE INSURANCE | : | |
| COMPANY, | : | |
| **Defendant** | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

Rufe, J.                                                                 August 19, 2011

In 2006, Defendant Union Mutual Fire Insurance Company ("Union Mutual"), a Vermont

insurance company, issued a combination homeowners and automobile insurance policy to

Plaintiff Darlene Ryan, then a Vermont resident.  After a motor vehicle accident in the fall of

2006, Plaintiff filed an underinsured motorist claim with Union Mutual.  When Union Mutual

offered to settle Plaintiff's underinsured motorist claim for less than the policy limits, Plaintiff,

now a resident of Pennsylvania, filed an action for breach of contract and bad faith in this forum.

Before the Court is Union Mutual's Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(2), asserting lack of personal jurisdiction, and Rule 12(b)(3), asserting improper

venue, or seeking transfer to the United States District Court, District of Vermont.  For the

reasons below, the Court finds that Union Mutual is not subject to the jurisdiction of this Court

and transfers this case to the United States District Court, District of Vermont.

## FACTUAL BACKGROUND

Plaintiff purchased an insurance policy from Union Mutual with effective dates from

1

April 30, 2006 to April 30, 2007.  The policy was issued in Vermont; at that time Plaintiff was a Vermont resident.

On September 20, 2006, while temporarily living and working in Pennsylvania, Plaintiff was a passenger in an automobile owned and driven by Edith Hopson, and was involved in an accident with another vehicle, driven by Dorothy Cummings.  Plaintiff sustained injuries.  It was determined that the accident was caused by Cummings's negligent driving.  The accident occurred in Delaware County, Pennsylvania, and Plaintiff sought medical treatment in Pennsylvania.  About a month later, Plaintiff notified Union Mutual that she would be pursing an underinsured motorist claim under her automobile insurance policy.

Plaintiff alleges that she suffered severe back injuries from the accident, which required surgeries in 2008, 2009 and 2010.  She still experiences pain.  She has difficulty engaging in household tasks, and is unable to engage in her former employment.  As a result, she has incurred financial losses.

In December 2007, Plaintiff forwarded a copy of her medical records and lost wages to Union Mutual, along with a written offer and release from AAA Mid-Atlantic Insurance Company, Cumming's insurer, which tendered Cummings's policy limits ($50,000).  Hopson's insurer, Allstate Insurance Company, later tendered $15,000 to Plaintiff, which was Hopson's underinsured motorist policy limit.  Plaintiff's counsel sent two demands to Union Mutual, asking them to pay Plaintiff her underinsured motorist policy limits ($500,000).  The demands detailed the costs of medical treatment and lost wages to date ($155,000 in January 2010, and over $200,000 by August 2010).  On August 25, 2010, Union Mutual offered Plaintiff $135,000,

which Plaintiff rejected.[1]

Plaintiff then sued Union Mutual for breach of contract and bad faith, alleging that Union Mutual failed to properly investigate Plaintiff's underinsured motorist claim, and unreasonably rejected Plaintiff's demand for the policy limits.

## STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction, a court is required to accept a plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.[2]  Once a defendant raises a jurisdictional defense, the plaintiff has the burden of proving that jurisdiction is proper by affidavits or other competent evidence.[3]  Plaintiff need only establish a prima facie case of personal jurisdiction,[4] and meets this burden by stating the bases for personal jurisdiction with reasonable particularity.[5]  "Factual disputes created by the affidavits, documents, and depositions submitted for the court's consideration are resolved in favor of the non-moving party."[6]

Federal courts sitting in diversity may exercise personal jurisdiction over nonresident

---

[1] This amount, added to the $65,000 received from the other carriers, would have compensated Plaintiff for her injuries in the amount of $200,000.  Plaintiff does not include the precise amount of her losses as of that date in her complaint, but only notes that they were in excess of $200,000 after her third surgery.

[2] Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

[3] Id.

[4] Id.

[5] See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).

[6] Elbeco Inc. v. Estrella de Plato, Corp., 989 F. Supp. 669, 672 (E.D. Pa. 1997) (citing Friedman v. Isreael Labour Party, 957 F. Supp. 701, 706 (E.D. Pa. 1997)).

defendants to the extent provided by the law of the state in which the federal court sits.[7]

Therefore, we will apply Pennsylvania law.  Pennsylvania's Long-Arm Statute allows personal

jurisdiction over nonresident defendants to the constitutional limits of the Due Process Clause of

the Fourteenth Amendment.[8]  Under this standard, nonresident defendants are required to have

minimum contacts with Pennsylvania so as not to offend traditional notions of fair play and

substantial justice.[9]  There are two types of personal jurisdiction: general and specific.[10]

On a motion to dismiss or transfer for improper venue, the court will consider where the

defendants reside, in which judicial district a substantial part of the events or omissions giving

rise to the claim occurred, and whether the court has personal jurisdiction over at least one

defendant at the time the action is commenced.[11]

## DISCUSSION

### I.       GENERAL PERSONAL JURISDICTION

There is no basis for general personal jurisdiction over Union Mutual in Pennsylvania.

General jurisdiction exists when a defendant has systematic and continuous contacts with the

forum state.[12]  Union Mutual does not maintain an office or own property in Pennsylvania, is not

a corporate citizen of Pennsylvania, and does not conduct business, advertise or solicit business,

---

[7] Fed. R. Civ. P. 4(e); Mellon Bank, 960 F.2d at 1221.

[8] 42 Pa. Stat. Ann. § 5322(b) (West 1981);  Mellon Bank, 960 F.2d at 1221.

[9] Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

[10] See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.8 and n.9 (1984).

[11] 28 U.S.C. § 1391(a).

[12] Helicopteros Nacionales de Colombia, S.A., 466 U.S. 414-15 & n.9.

or maintain agents in Pennsylvania.  Plaintiff does not allege that Union Mutual had any

continuous or systematic contacts with Pennsylvania which could subject it to general personal

jurisdiction here.

## II.        SPECIFIC PERSONAL JURISDICTION

"Specific jurisdiction exists when the claim arises from or relates to conduct purposefully

directed at the forum state."[13]  The Court may preside over a case "if it is satisfied that the

relationship among the defendant, the cause of action, and the forum falls within the 'minimum

contacts' framework first announced in International Shoe Co. v. Washington, and later refined

by the abundant progeny of that landmark case."[14]  To establish specific jurisdiction, a plaintiff

must show that: (1) the defendant purposely directed activities at the forum; (2) the litigation

arose out of or is related to one or more of those activities; and (3) jurisdiction of the court

comports with fair play and substantial justice.[15]

### A.       Activities Directed at the Forum

To establish specific jurisdiction, the court must first determine whether the defendant

purposely directed activities at the forum.[16]  Specifically, the defendant must "purposefully

avail[] itself of the privilege of conducting activities within the forum State, thus invoking the

benefits and protections of its laws."[17]  Unilateral activities of those claiming some relationship

---

[13] Marten, 499 F.3d at 296.

[14] Mellon Bank, 960 F.2d at 1221 (citation omitted).

[15] D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009).

[16] Id. at 102-103.

[17] Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citing Int'l Shoe Co., 326 U.S. at 319).

with the defendant are not sufficient.[18]

*Contract Formation*

When examining specific jurisdiction over contract claims, courts consider whether the nonresident defendant solicited, negotiated, or executed the contract in the forum state, the terms of the contract and the parties' course of dealing, the contemplated future consequences, and whether the nonresident defendant knew or should have known that it was dealing with an individual or company located in the forum state.[19]

Here, Union Mutual, a Vermont insurance company, entered into an insurance contract with a Vermont resident. The policy was issued in Vermont on real property that was located in Vermont and an automobile that was registered in Vermont. Plaintiff continues to own the same real property in Vermont that Union Mutual insured, and during the policy period, Plaintiff held a Vermont drivers license. Until the accident occurred in Pennsylvania, all communication from Union Mutual to Plaintiff was mailed to her Vermont address. Plaintiff never notified Union Mutual that she had moved to Pennsylvania, and she made no changes to her insurance policies. Thus, the contract was formed without any contacts with this forum, and Union Mutual did not know its insured had relocated to this forum until after the accident. Because it had contracted with a Vermont resident, Union Mutual could not reasonably expect to be haled into Pennsylvania to litigate a contract dispute with its policy holder.

The insurance policy contains a forum selection clause for arbitration of disputes, but not

_____

[18] Id.

[19] Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co., 75 F.3d 147, 151 (3d Cir. 1996); Mellon Bank, 960 F.2d at 1223.

for litigation in court.  The forum selection clause states that the venue for arbitration "shall be in the county in which the insured lives."  Plaintiff claims that this clause indicates Union Mutual's consent to jurisdiction where Ryan currently resides (Delaware County, Pennsylvania).  Union Mutual claims that it issues policies only to Vermont residents, it included Plaintiff's Vermont address on the policy, and that it never exhibited an intent to obligate itself to arbitrate contract disputes with Plaintiff outside of Vermont.  The Court agrees with Defendant: this clause does not indicate an intent to engage in arbitration, much less litigation, with named insureds who unilaterally move to another state without notice to the Defendant.  The use of the word "county" in the contract, rather than "state and county" indicates an intent to litigate in a county located in the state of Vermont.

*Insurance Policy Coverage*

Plaintiff urges the Court to find that, because Union Mutual included Pennsylvania within the covered territory of Plaintiff's automobile insurance policy, it has purposely availed itself of the privileges of conducting activities within the forum and could reasonably anticipate being haled into court in Pennsylvania.  In support of this position, she cites to five appellate court decisions from other circuits.[20]  In each case, the courts held that by including the forum state within the policy coverage area, the insurers had purposefully availed themselves of the privileges of doing business in the forum states and could anticipate being haled into court there.  Defendant points out that other courts have reached a contrary conclusion, holding that simply

---

[20] McGow v. McCurry, 412 F.3d 1207, 1214-17 (11th Cir. 2005); Ferrell v. W. Bend Mut. Ins. Co., 393 F.3d 786, 790-91 (8th Cir. 2005); Payne v. Motorists' Mut. Ins. Co., 4 F.3d 452, 456-57 (6th Cir. 1993); Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913-14 (9th Cir. 1990); Rossman v. State Farm Mut. Auto. Ins. Co., 832 F.2d 282, 285-87 (4th Cir. 1987).

issuing a policy which includes the forum in the coverage area, while it creates some contact with the forum state, is insufficient contact to confer jurisdiction.[21]

This Court must apply Pennsylvania's long arm statute, and the Third Circuit has not addressed this jurisdictional issue.  However, this Court is guided by the Pennsylvania Supreme Court, which has spoken.  In <u>United Farm Bureau Mutual Insurance Company v. United States Fidelity and Guaranty Company</u>,[22] as here, a non-forum insurance company issued an automobile insurance policy which provided coverage in all states, and its insured were involved in an accident in Pennsylvania.  The insurance company's policy holders filed suit in Pennsylvania to recover no-fault benefits, and the insurance company filed a motion to dismiss for lack of personal jurisdiction.  The Pennsylvania Supreme Court, following <u>World-Wide Volkswagon Corp. v. Woodson</u>,[23] held that the Pennsylvania courts did not have personal jurisdiction over a non-forum insurance company whose only contact with the forum was the issuance of an insurance policy with nationwide coverage.[24]  It reasoned that while the foreign insurance company could have foreseen the possibility of a suit against its insureds in Pennsylvania, which

---

[21] <u>United Farm Bureau Mutual Insurance Company  v. United States Fidelity and Guaranty Company</u>, 462 A.2d 1300, 1304-07 (Pa. 1983); <u>see also</u> <u>Hunt v. Erie Ins. Group</u>, 728 F.2d 1244, 1246-1247 (9th Cir. 1984) (territory of coverage clause insufficient to establish minimum contacts); <u>OMI Holdings, Inc. v. Royal Ins. Co. of Canada</u>, 149 F.3d 1086, 1092-98 (10th Cir. 1998) (analyzing cases from other circuits and noting that the 9th Circuit found the territory of coverage clause alone was not enough in <u>Hunt</u>, and reached a contrary conclusion in <u>Farmers Ins. Exchange</u> by finding that a territory of coverage clause <u>plus</u> an accident located in the forum was sufficient to confer jurisdiction. The 10th Circuit found this reasoning flawed, as minimum contacts must arise from affirmative actions by defendants themselves, but ultimately concluded that the territory of coverage clause alone "creates contacts which are qualitatively low [but sufficient] on the due process scale").

[22] 462 A.2d 1300 (Pa. 1983).

[23] 444 U.S. 286 (1980).

[24] <u>United Farm Bureau</u>, 462 A.2d at 1307.

it would be obligated to defend, foreseeability alone was not enough for personal jurisdiction,[25] and the Court could not find personal jurisdiction over the insurance company because of the "extremely tenuous contact" the company had with this forum.[26]  The Court concluded that "the reach of our long-arm statute cannot, consistent with the Due Process Clause of the Fourteenth Amendment, be extended to [the insurer] in this case."[27]  While Plaintiff attempts to distinguish this case from the one before this Court, we find that Union Mutual's contacts with and the foreseeability of litigation in this forum are essentially identical to those in United Farm Bureau. Accordingly, this Court finds that the territory of coverage clause is not sufficient to warrant the exercise of jurisdiction over Defendant.  Recognizing the split of authority on this question, however, the Court will also analyze other contacts and the two remaining jurisdictional factors as further justification for its ruling.

*Communications with Plaintiff and Others in the Forum*

Since her accident, Defendant has communicated with Plaintiff in this forum.  Defendant has also sought medical releases from Plaintiff, and may have requested medical records from this forum.  The Court finds that requests for medical records and communications with Plaintiff regarding Union Mutual's investigation and/or claim decisions were directed at Pennsylvania only because Plaintiff had unilaterally chosen to relocate and seek medical treatment here while still carrying a Vermont insurance policy.  Unilateral activity of a party is "not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to

---

[25] Id. at 1305.

[26] Id. at 1307.

[27] Id.

9

justify an assertion of jurisdiction."[28]  Therefore, the Court finds that these contacts with the

forum do not amount to purposeful availment and are not sufficient to confer jurisdiction.[29]

>       B.       Litigation Arose From or is Related to One or More Activities Directed to the
>                Forum

   The second part of the inquiry into whether specific jurisdiction exists is to determine

whether the litigation arose out of or is related to one or more of the activities that the defendant

purposely directed at the forum.[30]

Union Mutual argues that it has directed no activities toward this forum, other than

responding to inquiries from Plaintiff's counsel about her underinsured motorist claims.

Informational communications between a resident and a non-resident do not, without more,

establish purposeful activity directed at the forum.[31]  Here, the litigation did not "arise out of"

these communications, but rather out of the *decisions* that were communicated.[32]  Defendant

argues that all of its decisions about how to handle Plaintiff's insurance claims have been made

in Vermont, where Union Mutual reviewed Plaintiff's medical records and other documents and

made a determination as to the value of her claim.

This claim also did not "arise out of" Union Mutual's failure to tender the policy limits to

Plaintiff in Pennsylvania, as a failure to remit payment allegedly owed occurs where the payor is

---

[28] Helicopteros 466 U.S. at 417; World-WideVolkswagon, 100 S.Ct. at 567; Time Share Vacation Club, 735 F.2d at 65.

[29] Lynch v. N.J. Auto. Full Ins. Underwriting Inc., 762 F.Supp. 101, 105 (E.D.Pa. 1991).

[30] D'Jamoos, 566 F.3d 102.

[31] Vetrotex, 75 F.3d at 152; Lynch, 762 F.Supp. at 105.

[32] Lynch, 762 F.Supp. at 105.

located, not at the place of non-receipt.[33]

The Court next turns to the relatedness inquiry.  The Third Circuit has not adopted a bright-line standard for approaching the relatedness requirement, [34] and indeed the Supreme Court has warned against such tests.[35]  However in analyzing relatedness, the Third Circuit has articulated guiding standards.  As a starting point, the Court must examine whether the claim would have arisen in the absence of the Defendant's contacts with the forum (but-for causation).[36]  "In contract cases, courts should inquire whether the defendants's contacts with the forum were instrumental in either the formation of the contract or its breach."[37]  If it finds but-for causation, the Court must examine whether Union Mutual received benefits and protection from the forum such that it could reasonably foresee litigation in this forum.[38]

Plaintiff argues that this litigation "is directly related to defendant's act of including the forum state, Pennsylvania within the covered territory of defendant's insurance policy," as she is seeking underinsured motorist coverage for an accident occurring in Pennsylvania.  Assuming for the moment that the territory of coverage clause did establish a purposeful availment, the Court would find that the clause was a but-for cause of Plaintiff's claim for coverage which is the subject of this dispute.

---

[33] Cottman Transmission Systems, Inc. v. Leonard Martino, 36 F.3d 291, 295 (3d Cir. 1994).

[34] O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 320 (3rd Cir. 2007).

[35] Int'l Shoe, 326 U.S. at 319.

[36] O'Connor, 496 F.3d at 319-320, 322 (but-for causation provides a useful starting point for the relatedness inquiry).

[37] Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3rd Cir. 2001).

[38] O'Connor, 496 F.3d at 322 ("The animating principle behind the relatedness requirement is the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable.").

C.      "Fair Play and Substantial Justice"

If a plaintiff meets her burden, and establishes a prima facie case for personal jurisdiction,

the burden shifts to the defendant to demonstrate that exercising jurisdiction would violate

principles of fair play and substantial justice.[39]  A defendant's burden depends on the strength of

plaintiff's prima facie case:   "The reasonableness prong of the due process inquiry evokes a

sliding scale: the weaker the plaintiff's showing [on minimum contacts], the less a defendant

need show in terms of unreasonableness to defeat jurisdiction."[40] Although we do not believe

Plaintiff has met her burden here, given the split in authority on jurisdiction under the present

circumstances, the Court will examine this factor as well.

The Supreme Court has identified the following factors to consider in analyzing fairness:

"the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's

interest in obtaining convenient and effective relief, the interstate judicial system's interest in

obtaining the most efficient resolution of controversies, and the shared interest of the several

States in furthering fundamental substantive social policies."[41]  The Court will consider each

factor in turn.

The burden on the defendant of litigating in a foreign forum is of primary concern in

---

[39] Mellon Bank, 960 F.2d at 1226.

[40] In re Nazi Era Cases Against German Defendants Litig., 320 F. Supp. 2d 204, 229 n.13 (D.N.J. 2004), quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994); See also Ellicott Mach. Corp. v. John Holland Party, LTD, 995 F.2d 474, 479 (4th Cir. 1993); Chaiken v. VV Pub. Corp., 119 F.3d 1018, 1030 (2nd Cir. 1997); Donatelli v. Nat. Hockey League, 893 F.2d 459, 465 (1st Cir. 1990); OMI Holdings Inc., 149 F.3d at 1095-96.

[41] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (citations omitted).

determining the reasonableness of jurisdiction.[42]  The burden on defendant here is significant, as

Defendant is a Vermont company with its principal place of business in Vermont, and it conducts

no business and has no employees in the state of Pennsylvania.  While the accident occurred in

Pennsylvania, liability for the accident is not at issue in this case.  Furthermore, the contract

dispute between Plaintiff and Defendant is not about Plaintiff's entitlement to underinsured

motorist coverage, but only about the amount she will be compensated.  Plaintiff's bad faith

claim concerns the actions or omissions of Defendant acting in Vermont.  All records of

Defendant's investigation and decision making process would be located in Vermont.  For all

these reasons, this factor weighs in favor of Defendant.

      Next, the Court must look at the forum state's interest in resolving the dispute.  There is

no question that Pennsylvania has an interest in providing a forum in which its residents can sue

out-of-state actors.[43]  However, the interest it has in this particular case is outweighed by the

interest Vermont has in litigating the case, as will be discussed below.

      Third, the Court examines whether Plaintiff may receive convenient and effective relief in

another forum.  Here, the answer is yes.  While it may be more convenient for Plaintiff to litigate

the case here, where she now lives, she entered into a contract with a Vermont insurance

company while she was a resident of Vermont and should have anticipated that any disputes over

that contract would be resolved there.  Plaintiff's complaint indicates that she still owns real

property in Vermont, suggesting ongoing connections and travel to the state.  As to the

effectiveness of relief, Vermont law would apply in either forum, thus Plaintiff's chances of

---

[42] World-Wide Volkswagen, 444 U.S. at 292.

[43] Burger King, 471 U.S. at 483.

recovery are not diminished by requiring her to litigate her claims in Vermont.

The fourth factor examines which forum will provide more efficient resolution of the dispute. The Court may look at factors such as the location of witnesses and evidence, where the alleged wrongdoing occurred, the substantive law governing the dispute, and whether dismissal from this forum would result in piecemeal litigation.[44] Here, the contract was formed and allegedly breached in Vermont, and is governed by Vermont's substantive law. Defendants' records regarding their decision-making process, which gave rise to the breach and bad faith claims, are located in Vermont. Union Mutual is the only defendant and dismissal from this forum will not result in piecemeal litigation.

Finally, the Court must examine the interest of Vermont in advancing fundamental social policies. Vermont has a substantial policy interest in regulating the insurance industry within its borders. Here, a Vermont insurance company issued a policy to a Vermont resident, for insurance of a home located in Vermont and a car registered in Vermont. The policy is governed by Vermont law. This Court believes that the Vermont courts have a great interest in litigating any breach of contract and bad faith claims against the insurance companies operating there, and so finds this factor weighs heavily in Defendant's favor.

### III.   VENUE

As the Court has found that it does not have personal jurisdiction over Defendant, it need not reach the issue of improper venue.

### CONCLUSION

Applying the law of this forum, the Court finds that Plaintiff has not satisfied its burden

---

[44] OMI Holdings, 149 F.3d at 1097.

to establish a basis for specific personal jurisdiction over non-resident Union Mutual in this case. However, it will exercise its authority to transfer the case to the United States District Court, District of Vermont, because it finds that it is in the interest of justice to do so.[45]

An appropriate Order follows.

_____

[45] 28 U.S.C. § 1631; <u>D'Jamoos</u>, 566 F.3d 94.